NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-50151 |
| Plaintiff-Appellee, | D.C. No.<br>3:17-cr-01507-AJB-1 |
| v. | |
| ISRAEL NAVA-ARELLANO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted January 11, 2021
Pasadena, California

Before:  WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Israel Nava-Arellano ("Nava") appeals his 54-month sentence for illegal

entry and illegal reentry by a removed alien.  *See* 8 U.S.C. §§ 1325, 1326.  We

affirm.

Nava first contends that the district court erred in calculating Nava's

Guidelines range by failing to acknowledge that United States Sentencing

_____

  *  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Guidelines ("U.S.S.G.") § 5G1.2(c) called for his two sentences to run concurrently. We disagree. The district court accurately calculated Nava's Guidelines range as 30 to 37 months, which implies his two sentences would run concurrently. The court never suggested that the Guidelines envisioned consecutive sentences. Nor did the district court err by imposing an above-Guidelines sentence. The court sufficiently set forth its reasons for varying upward from the Guidelines range and was not required to discuss U.S.S.G. § 5G1.2(c). *See United States v. Rangel*, 697 F.3d 795, 801 n.3, 802-03 (9th Cir. 2012).

Next, Nava contends that the district court committed a procedural error by failing to recognize its discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007), to impose a lesser sentence based on a policy disagreement with the Sentencing Guidelines. Specifically, Nava faults the district court for not addressing his policy argument that the Sentencing Guidelines for illegal reentry unfairly "double-count" prior convictions. *See* U.S.S.G. § 2L1.2. But there is no indication that the district court here misunderstood its discretion under *Kimbrough* or otherwise—rather, the district court exercised its discretion to vary upward from the Guidelines range. *Cf. United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011) (remanding for reconsideration of a *Kimbrough* argument where the district court's comments at sentencing suggested a possible failure to appreciate its discretion). And even if the court had erred by neglecting to address Nava's

2

*Kimbrough* argument at sentencing, the error would be harmless. Having sentenced Nava on prior occasions, only to have Nava reoffend, the district court explained at length why it felt an upward variance was necessary. It is therefore clear that, if the court had addressed Nava's "double-counting" policy argument for a below-Guidelines sentence, the court would have rejected it.

Nava also attacks the illegal reentry statute itself, 8 U.S.C. § 1326(b), claiming it is unconstitutionally vague on its face. Nava raised an identical argument in his appeal from his prior sentence, and the panel rejected the argument. *See United States v. Nava-Arellano*, 795 F. App'x 500, 502 (9th Cir. 2019). That holding is law of the case, and we see no reason to depart from it here.

Lastly, Nava contends his above-Guidelines sentence was substantively unreasonable. Again, we disagree. The district court observed that Nava is a "serial violator of the immigration laws," having been deported numerous times over the past two decades. Moreover, Nava has a lengthy criminal history beyond just immigration offenses. The 54-month sentence was not inappropriate under these circumstances.

**AFFIRMED.**